Bergan, J. (dissenting).
The full extension of the corroborative requirements for rape, which have good enough grounds in human experience, to most assaults on women is both unnecessary and unwise. Rape is often impossible to corroborate by objective physical evidence, but an assault leaving injuries tends to its own corroboration. In Radunovic, for example, there is adequate objective proof of physical injury. Roccaforte presents, merely, an issue of credibility as to the assault in which the assaulted person was believed; Sigismondi, had the charge not been dismissed, would have presented a similar problem. If a man had been assaulted this would be sufficient; it ought to be sufficient, too, if a woman is assaulted.
The judgments in Radunovic and Roccaforte should be affirmed and the order in Sigismondi reversed.
In People v. Radunovic: Opinion by Judge Van Voorhis in which Chief Judge Fuld and Judge Breitel concur, Judge Breitel in a separate concurring opinion; Judge Burke concurs for reversal for the reasons stated by Mr. Justice Steuer in his *195 dissenting opinion at the Appellate Division and with the same reservations; Judge Scileppi dissents and votes to affirm in an opinion and Judge Bergan dissents and votes to affirm in a separate opinion in which Judge Keating concurs.
Judgment reversed, etc.
In People v. Sigismondi: Opinion by Judge Van Voorhis in which Chief Judge Fuld and Judge Breitel concur, Judge Breitel in a separate concurring opinion; Judge Burke concurs for affirmance for the reasons stated by Mr. Justice Steuer in his dissenting opinion in People v. Radunovic (27 A D 2d 918) and with the same reservations; Judge Scileppi dissents and votes to reverse and reinstate the indictment in an opinion and Judge Bergan dissents and votes to reverse in a separate opinion in which Judge Keating concurs.
Order affirmed.
In People v. Roccaforte: Opinion by Judge Van Voorhis in which Chief Judge Fuld and Judge Breitel concur, Judge Breitel in a separate concurring opinion; Judge Burke concurs for reversal for the reasons stated by Mr. Justice Steuer in his dissenting opinion in People v. Radunovic (27 A D 2d 918) and with the same reservations; Judge Scileppi dissents and votes to affirm in an opinion and Judge Bergan dissents and votes to affirm in a separate opinion in which Judge Keating concurs.
Judgment reversed, etc.